# Aʟғʀᴇᴅ I. Hᴀʀᴛsʜᴏʀɴ

## v.

# Mɪᴄʜᴀᴇʟ Bʏʀɴᴇ.

*Sales—Lumber—Whether Sold to Contractor or Owner—Weight of Evidence—Instructions—Evidence.*

1. In an action by a person who had furnished lumber used in constructing defendant's house, where the defense was that the lumber was sold to the contractor and not to the owner, this court holds that the evidence justified a finding by the jury that the sale was to the owner.

2. An order given by the contractor to the plaintiff on the owner for the amount of the bill, was not, under the circumstances of the case, conclusive evidence that the plaintiff sold to the contractor.

3. The question of how much the defendant had paid the contractor was not material to the issue herein.

[Opinion filed December 12, 1892.]

Aᴘᴘᴇᴀʟ from the Circuit Court of La Salle County; the Hon. Cʜᴀʀʟᴇs Bʟᴀɴᴄʜᴀʀᴅ, Judge, presiding.

Messrs. G. S. & E. Eʟᴅʀᴇᴅɢᴇ, for appellant.

Messrs. O'Cᴏɴᴏʀ, Dᴜɴᴄᴀɴ & Eᴄᴋᴇʟs and Hᴇɴʀʏ Mᴀʏᴏ, for appellee.

Mʀ. Jᴜsᴛɪᴄᴇ Lᴀᴄᴇʏ. This case was here on a former appeal, the appellee then being the appellant, and the appellant here the appellee there; and will be found reported in 21 Ill. App. 650. It will be seen by reference to that opinion, that the judgment was reversed on account of errors committed in the Circuit Court, in giving certain erroneous, instructions on the part of the appellee, Hartshorn, therein. In that case we gave a pretty full synopsis of the facts and the evidence as it was then presented, and upon examination of the evidence reported in this record, we find it substantially the same and the witnesses the same. We will refer to that statement as being applicable to the case.

Hartshorn v. Byrne.

The verdict in this case upon which judgment was rendered was for $1,930.70, covering the amount of appellee's lumber bill and interest, as upon an account stated. The appellant insists on various alleged errors for reversal, which will be named in course of this opinion. The first is, that the verdict is against the great weight of the evidence. We are unable to concur with appellant in that view of the case. The evidence was conflicting, not only in the direct contradiction of witnesses, one against another, but some of the circumstances were calculated to corroborate each party. The attitude of the case was this: The contention of the appellant was not that the lumber was not furnished by appellee and was not used in building the former's house, but that appellant had let the contract to build the house to one Tomb, a builder, and that such contractor, and not appellant, purchased the lumber of appellee. On the other hand the latter contends that appellant made the contract with him direct for the lumber and that it was furnished and charged to him on such contract, and that Tomb had nothing to do with it except to order the lumber. The appellee was supported by his own testimony and that of Tomb, the contractor, Coughlin his clerk, and Fairfield, as to admissions of appellant. The appellant relied on his own testimony and one Schofield, who testified to a refusal of appellee to furnish additional material (after the bill in question had been made) without direct authority from appellant, and would not furnish it on Tomb's order, thus attempting to draw inference that there had been no original contract with appellant to furnish lumber; but this is somewhat weakened by proof that appellant had before that repudiated the first alleged contract.

The appellant further relied on an order of September 8, 1882, given by Tomb to appellee on appellant for the amount of the lumber bill, seeking thus to draw an inference that appellee would not have accepted such an order unless Tomb was the responsible man for the lumber bill. But there are some strong reasons why that should have been done other than the one contended for by appellant's counsel, and it

was a question for the jury. This order can not be regarded as an estoppel to claim payment from appellant if he had contracted for it. For the more particular statement of the evidence we refer to our former opinion. We think, in this state of the evidence, the jury were warranted in finding the verdict for appellee.

It is also complained that the court erred in not allowing appellant to prove how much he had paid Tomb on the contract for building the house. In this we think there was no error; appellee was not bound by this for it was a matter wholly between appellant and Tomb, with which the former had no concern. This point we have already passed upon when the case was here before. It was not improper to allow Coughlin, on behalf of appellee, to show what the order was given for, *i. e.*, for lumber furnished appellant. This was not a written instrument binding between the parties, and the order showed on its face it was given for lumber. Nor was it error to refuse appellant the right to show Tomb took away the unused lumber. The appellee's first and second instructions were not erroneous; they laid down a proper basis for recovery. The fifth instruction for appellee was correct, as there was a basis in the evidence for the recovery of interest, in that there was evidence tending to show an account stated, and an agreement to pay, by appellant. The sixth instruction for appellee was also based on evidence showing an agreement to allow the price of the horse sold by appellant to appellee to go as a credit on the lumber bill.

It is complained by appellant that the court below erred in refusing his second, third, fourth, fifth, sixth, seventh, eighth, ninth, twelfth and thirteenth offered instructions. All the instructions were given in the case necessary for a full understanding of the law by the jury, and these instructions, had either been given in substance, failed to state the law as applicable to the case or were faulty in calling the attention of the jury to particular facts.

We fail to see any error in the record and therefore affirm the judgment.

*Judgment affirmed.*